**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Alan Gudino, Esq. (SBN: 326738)
alan@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Melissa Lois Walker

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA**

///
///
///
///
///
///

COMPLAINT

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

| 1 | **MELISSA LOIS WALKER,** | **Case No.:** |
| 2 | | |
| 3 | Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| 4 | v. | |
| 5 | **HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI D/B/A MOHELA,** | **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;** |

**MELISSA LOIS WALKER,**

Plaintiff,

v.

**HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI D/B/A MOHELA,**
**ACTION FINANCIAL SERVICES, LLC,**
**TRANS UNION, LLC, AND EQUIFAX INFORMATION SERVICES, LLC,**

Defendants.

**Case No.:**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**
**2.) CONSUMER CREDIT REPORTING AGENGY ACT, CALIFORNIA CIVIL CODE § 1785 ET SEQ.;**
**3.) CALIFORNIA IDENTITY THEFT ACT, CALIFORNIA CIVIL CODE §1798.93, ET SEQ.;**
**4.) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1695 ET SEQ.;**
**5.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.;**

**DEMAND FOR JURY TRIAL**

///
///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT**

### INTRODUCTION

1. Plaintiff is a victim of identity theft.

2. An unknown and unauthorized individual unlawfully used Plaintiff's personal information, including her social security number ("SSN"), to apply for and use Federal Student Loans in her name, through the United States Department of Education ("DoE"). The debt was serviced originally by the Higher Education Loan Authority for the State of Missouri ("MOHELA"), who reported the debt to Plaintiff's Trans Union ("TU"), Experian and Equifax ("EQ") credit reports as delinquent, and who then returned the debt to the Department of Education's Default Resolution Group ("DoE"), who is currently using its agent Action Financial Services, LLC ("AFS"), to attempt to collect the debt from Plaintiff.

3. AFS is still attempting to collect the debt, and DoE/AFS is reporting the debt as delinquent to Plaintiff's credit.

4. The DoE/AFS and MOHELA reporting originally also appeared on Plaintiff's Experian credit report, but after Plaintiff provided Experian with the ID theft notification ("IDTN"), Experian blocked the accounts from appearing on her Experian credit report.

5. On November 17, 2020, Plaintiff submitted a fraud complaint regarding the student loans at issue in this case to the United States Office of Inspector General through their complaint hotline on the ww2.ed.gov/about/offices/list/oig/hotline.html website. Plaintiff never received a response.

6. TRANS UNION and EQUIFAX received the exact same IDTN that was sent to Experian, and did not and have not yet blocked the accounts from appearing on Plaintiff's TRANS UNION and EQUIFAX credit reports.

7. Plaintiff filed a police report with the Fresno Police Department and notified all Defendants – MOHELA, AFS, TRANS UNION, and EQUIFAX– as well as third

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

parties Experian and DoE, of the identity theft and unauthorized use of her personal information.

8. As alleged herein, Action Financial Services, LLC repeatedly refused to investigate Plaintiff's claims of identity theft, and have instead maintained an interest in money which is the product of identity theft in violation of: the California Identity Theft Act ("CITA"), Cal. Civ. Code §1798.93 et seq.

9. In addition, DoE/AFS and MOEHLA have furnished incorrect and/or incomplete information regarding the alleged debt based on identity theft to at least one Credit Reporting Agency ("CRA"), and DoE/AFS and MOHELA appear on Plaintiff's TRANS UNION and EQUIFAX consumer disclosures, in violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25. Plaintiff has disputed MOHELA and DoE/AFS's reporting, and MOHELA and DoE/AFS failed to do a reasonable reinvestigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

10. **MELISSA LOIS WALKER** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI D/B/A MOHELA, , ACTION FINANCIAL SERVICES, LLC, TRANS UNION, LLC, AND EQUIFAX INFORMATION SERVICES, LLC** for violations of: (1) the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA") , (2) California Civil Code § 1785 et seq. ("CCRAA"),  (3) the California identity Theft Act ("CITA"), Cal. Civ. Code §1798.93 et seq., (4) the Fair Debt Collection Practices Act 15 U.S.C. 1692 et seq. (hereinafter "FDCPA"), and (5) the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code 1788 et seq. (hereinafter "RFDCPA").

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

11. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

12. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

13. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

14. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

15. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

16. At all times relevant, Plaintiff was an individual residing within the State of California.

**FDCPA AND RFDCPA**

17. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

18.   Similarly, when enacting the RFDCPA, the California Legislature found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

19.   The FDCPA and the RFDCPA are both strict liability statutes.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

20.   To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard.  *Gonzales* at 1061.  This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence.  *Id*.  In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication.  Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

likely been misled.  *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## FCRA and CCRAA

21. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970.  The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …"  FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205.  The Congressional findings noted that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1]  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

22. The Consumer Credit Reporting Agencies Act (CCRAA), the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall

---

[1] FCRA, 15 U.S.C. §1681(a)(4)
[2] California Civil Code § 1785.1(d)

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

23. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

24. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

25. This action arises out of Defendants' violations of: (1) the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), (2) California Civil Code § 1785 et seq. ("CCRAA"), and (3) the California identity Theft Act ("CITA"), Cal. Civ. Code §1798.93 et seq., (4) the Fair Debt Collection Practices Act 15 U.S.C. 1692 et seq. (hereinafter "FDCPA"), and (5) the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code 1788 et seq. (hereinafter "RFDCPA").

26. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

27. Plaintiff is a natural person who resides in the city of Fresno, County of Fresno, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), by Cal. Civ. Code § 1785.3(b), and by 15 U.S.C. § 1692a(3). Plaintiff is also a "Debtor" as that term is defined by California Civil Code § 1788.2(h).

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

28. Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code §1798.92(d).

29. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

30. Defendant MOHELA is a Federal Student Loan Servicer operating from an address of 633 Spirit Drive, Chesterfield, MO 63005, and is a "person" as defined by 15 U.S.C. § 1681a(b). Defendant MOHELA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

31. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

32. Defendant MOHELA is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

33. Defendant AFS is a collection agency operating from an address of 2055 Cardinal Ave, Medford, OR 97504, and is a "person" as defined by 15 U.S.C. § 1681a(b).

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

34. Defendant AFS purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code §1798.92(a).

35. Defendants AFS is an agent of third party DoE and a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

36. Defendant AFS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

37. Defendant TRANS UNION is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs").

38. Defendant EQUIFAX is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs").

39. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

40. Plaintiff is informed and believe, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-Defendants and, in doing the things hereafter mentioned, each was acting in the scope of her authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-Defendant, and each of them. Any reference hereafter to "Defendant" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

41. Plaintiff is an individual residing in the County of Fresno in the State of California.

42. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

43. Plaintiff is victim of identity theft.

44. In August 2017, Plaintiff received a letter from MOHELA to her address in Fresno, California, demanding payment on two student loans that she had not taken out, not approved, not received the benefit of, and did not recognize, for courses taken at American Public University System – a school she had never attended.

45. Plaintiff immediately contacted MOHELA and told them her identity had been used without her permission to open the accounts and fraudulently obtain loans in her name and using her personal identifying information.

46. On November 28, 2017, Plaintiff reported the theft of her identity to the Fresno Police Department.

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

47. Plaintiff provided the police report to MOHELA in January 2018 when she also sent MOHELA an application for loan discharge, certifying that she did not sign the promissory note, that the means of identification used to obtain the loan were used without her authorization, and that she did not knowingly receive or benefit from the proceeds of the loan made without her authorization.

48. Plaintiff received no response to this application for loan discharge.

49. Plaintiff received a collection letter from MOEHLA dated October 24, 2018, demanding that Plaintiff contact them in order to pay the past due loans.

50. In March 2019, Plaintiff contacted the school where the fraudulent loans were used, American Public University System ("APUS").

51. APUS refused to release any information regarding the person who attended their school under Plaintiff's name and personal identifying information because the request was not made via a subpoena, despite the fact that she provided her name, birth date, and the last 4 of her SSN (all of which were used to apply for the fraudulent loan in Plaintiff's name), as APUS had originally requested.

52. Plaintiff received a letter from the United States Department of the Treasury dated February 26, 2020, informing Plaintiff that her 2019 tax return, totaling $2,339.00, was taken by AFS to pay for the delinquent, fraudulent student loan debt.

53. Both MOHELA and DoE/AFS reported the fraudulent student loans to Plaintiff's Equifax and Trans Union credit reports.  DoE/AFS was reporting the fraudulent student loans to Plaintiff's Experian credit report.

54. On or around June 1, 2020, Plaintiff mailed Identity Theft Notifications ("IDTN") to Defendants MOHELA, EQUIFAX, and TRANS UNION, as well as to third party DoE and CRAs Experian and Innovis.

55. On or around August 3, 2020, Plaintiff mailed IDTNs to third parties DoE and APUS.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

56. On or around September 9, 2020, Plaintiff mailed an IDTN to Defendant AFS.

57. The IDTNs sent to DoE, APUS, AFS, and MOHELA contained a letter disputing that Plaintiff owes the loans and informing all recipients that Plaintiff is a victim of identity theft. The letter stated the facts regarding Plaintiff's receipt of the collection letter from MOHELA in 8/2017, her contacts with MOHELA and APUS informing them the loans were fraudulent, and telling all recipients that the addresses, parents names, and email address used to apply for the fraudulent loans were not hers, and not people she knew.

58. The IDTNs sent to DoE, APUS, AFS, and MOHELA requested that all recipients investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the two fraudulent student loans opened using her personal information without her permission.

59. The IDTNs sent to DoE, APUS, AFS and MOHELA also requested that each recipient send, within 10 business days of receipt of the letter, Plaintiff information regarding the types of identifying information that the identity thief used to apply for the fraudulent student loans, as well as copies of all records associated with the account.

60. The IDTNs sent to DoE, APUS, AFS, and MOHELA included the following as enclosures: FTC Affidavit of Identity theft, Police Report, Plaintiff's driver's license, handwriting samples, annotated copies of Plaintiff's credit reports with the disputed item circled, a copy of the 1/15/2017 fraudulently signed master promissory note, and a copy of the 1/4/2018 ID theft loan discharge application that had been sent to MOHELA.

61. The IDTNs sent to EQUIFAX, TRANS UNION, Experian, and Innovis contained a letter informing each CRA that Plaintiff had been a victim of ID theft, identified the fraudulent accounts appearing on her credit report, asked that the CRAs investigate and delete the fraudulent accounts, send corrected

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

copies of her report to her and anyone else who had requested a copy of her report in the last 6 months, and provided permission for the CRAs to contact law enforcement officials.

62. The IDTNs sent to EQUIFAX, TRANS UNION, Experian, and Innovis included the following as enclosures: FTC Affidavit of Identity Theft, Police Report, Plaintiff's driver's license, and annotated copies of their respective credit reports with the disputed items circled.

63. TRANS UNION received Plaintiff's IDTN on or around June 3, 2020.

64. DoE received Plaintiff's IDTN on or around June 4, 2020.

65. EQUIFAX received Plaintiff's IDTN on or around June 4, 2020.

66. Experian received Plaintiff's IDTN on or around June 4, 2020.

67. MOHELA received Plaintiff's IDTN on or around June 4, 2020.

68. Innovis received Plaintiff's IDTN on or around June 5, 2020.

69. APUS received Plaintiff's IDTN on or around August 7, 2020.

70. DoE received Plaintiff's second IDTN on or around August 11, 2020.

71. AFS received Plaintiff's IDTN on or around September 15, 2020.

72. TRANS UNION responded to Plaintiff's IDTN by letter dated June 2, 2020, and stated it declined to block the fraudulent accounts because the request was made in error, was a misrepresentation of material fact, or that Plaintiff obtained possession of goods, money, or services as a result of the transaction.

73. Experian responded to Plaintiff's IDTN by letter dated June 8, 2020, deleting the fraudulent address (the one used to apply for the fraudulent loans) from Plaintiff's Experian credit report.

74. DoE responded to Plaintiff's IDTN by letter dated June 16, 2020, stating that if Plaintiff believes she qualifies for an ID theft discharge, she has to send them a court judgment, a supporting written statement explaining how the ID theft relates to the student loans, and a copy of SSN card or valid driver's license. This response also told Plaintiff to contact AFS for further information

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

regarding the student loan accounts, and attached a certification/agreement of cooperation of ID theft claims for her to sign.

75. The second IDTN sent to DoE was a response to its June 16, 2020, letter, and provided DoE with the written statement of how the ID theft relates to the student loans and a copy of her driver's license, as requested. Plaintiff also explained that she does not have a court judgment.

76. EQUIFAX responded to Plaintiff's IDTN by letter dated June 16, 2020, stating that the disputed address (the one used to apply for the student loans) had been deleted, but that they had verified that the fraudulent student loan accounts belong to Plaintiff.

77. TRANS UNION responded to Plaintiff's IDTN again by letter dated June 17, 2020, by refusing to block the fraudulent accounts from her TRANS UNION credit report.

78. Experian responded to Plaintiff's IDTN again by letter dated June 25, 2020, deleting and blocking the fraudulent student loan accounts from Plaintiff's Experian credit report.

79. APUS did not respond to Plaintiff's IDTN.

80. DoE responded to Plaintiff's second IDTN by letter dated August 14, 2020, stating that their position had not changed.

81. AFS responded to Plaintiff's IDTN by letter dated September 18, 2020, enclosing "validation" of her obligation to pay the fraudulent student loans, and providing her ten days to make arrangements to pay before the accounts were referred back to DoE for litigation. This response also included a copy of the master promissory note.

82. Since sending IDTNs to all Defendants, DoE/AFS and MOHELA continued reporting the account to Plaintiff's EQUIFAX and TRANS UNION credit reports, and EQUIFAX and TRANS UNION have refused to block the

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

fraudulent accounts from Plaintiff's credit reports. AFS has continued attempting to collect the fraudulent debt from Plaintiff.

83. Defendants have each refused to adequately investigate Plaintiff's numerous claims of identity theft, and have continued to report the alleged debt to Plaintiff's credit report(s) and/or refused to block the fraudulent accounts from Plaintiff's credit report(s).

84. Defendant AFS has maintained their claims to Plaintiff's money and/or property by maintaining that Plaintiff owes the alleged debt.

85. Simply put, Plaintiff is the victim of identity theft with respect to the unlawfully obtained student loans using Plaintiff's personal information and has filed a police report expressly claiming such. That police report has been provided to every Defendant in this case. Defendant AFS has failed to stop collecting, failed to disassociate the debt from Plaintiff, failed to cease reporting the alleged debt to CRAs and has failed to block the fraudulent debt from Plaintiff's credit reports despite AFS knowing that the alleged debt was the result of identity theft.

86. Defendant AFS ignored Plaintiff's disputes and IDTNs and instead maintained their interest in Plaintiff's money and property that is the product of identity theft by: (1) continuing to report the alleged debt to Plaintiff's credit report(s), or (2) continuing to attempt to collect the alleged debt from Plaintiff, and/or (3) maintaining that Plaintiff is responsible for paying the alleged debt despite knowing the loans were obtained fraudulently as a result of the theft of Plaintiff's identity.

87. A claimant, as defined by C.C.P. section 1798.92(a), "means a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft."

88. Defendant AFS purports to have an interest in Plaintiff's money and property because it is still reporting the alleged debt to Plaintiff's credit report(s), it is

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

continuing to attempt to collect the debt, and it has not disassociated this debt from Plaintiff and her personal information. This constitutes an actual or purported claim for money and/or an actual or purported interest in property on the part of Defendant.

89. Plaintiff has requested that she and her personal information be disassociated from the alleged debt, that Defendants remove the alleged debt from Plaintiff's credit reports, that AFS stop attempting to collect the alleged debt from Plaintiff, and that Defendants acknowledge that Plaintiff does not owe this alleged debt. Defendants have failed and refused to do so.

90. MOHELA is reporting that Plaintiff is 120 days late to pay a debt with $0 balance, which is impossible if the debt owed to MOHELA is $0.

91. MOHELA has not removed the reporting of the two fraudulent loans despite being aware that the loans were only applied for, obtained, and opened due to the theft of Plaintiff's identity, and as such they are reporting/refusing to remove inaccurate information from Plaintiff's credit reports.

## ACTUAL DAMAGES

92. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants reporting of inaccurate and derogatory information, without success, including but not limited to time loss and charges for postage.

93. Plaintiff's injuries are concrete. Defendant' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

94.  Plaintiff received a letter from Citibank dated March 16, 2020, regarding her Costco Credit Card stating they were closing her account due to negative reporting on her credit. Plaintiff used this Costco card to purchase food if she was in need for the month. It helped when Plaintiff's family was in a pinch with money – losing the card was a big negative hit to Plaintiff and her family.

95.  Plaintiff received a letter from Citibank dated May 11, 2020, regarding her Citibank Diamond Preferred Mastercard stating they were closing her account due to negative reporting on her credit.

96.  Plaintiff received a letter from Bank of America dated February 2, 2021, regarding her Bank of America credit card, stating they were closing her account due to negative reporting on her credit.

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

97. On or around February 16, 2021, Plaintiff tried to apply for a home loan. The loan officer stated that Plaintiff would not be able to obtain a loan if her credit showed any delinquent government debt.

98. Plaintiff is unable to get a reasonable interest rate on a car loan, making it nearly impossible for Plaintiff to afford a car payment. Plaintiff has a 13yr old son who has down syndrome, and because she does not have a car (because she cannot get a reasonable rate due to this inaccurate information on her credit report), Plaintiff and her son have to take the bus to all of her son's doctor appointments and other appointments he may have (Plaintiff's son uses a wheelchair due to having down syndrome). Plaintiff has to walk to the grocery store and either walk or use the bus to run any errands because she cannot afford the car loan rates, she is being offered due to the inaccurate information on her credit reports.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(A)

### [AGAINST AFS AND MOHELA]

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendants AFS and MOHELA violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

101. Defendants AFS and MOHELA understood the nature of Plaintiff's disputes when each received an ACDV from Trans Union, LLC and Equifax Information Services, LLC.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

102. As a result of the conduct, actions and inactions of Defendants AFS and MOHELA. the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

103. The conduct, actions and inactions by Defendants AFS and MOHELA were willful, rendering Defendants AFS and MOHELA liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

104. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants AFS and MOHELA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT II**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681S-2(B)(1)(B)**

**[AGAINST AFS AND MOHELA]**

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendants AFS and MOHELA violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

107. As a result of the conduct, actions and inactions of Defendants AFS and MOHELA the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

108. The conduct, actions and inactions by Defendants AFS and MOHELA were willful, rendering Defendants AFS and MOHELA liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants AFS and MOHELA were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

109. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants AFS and MOHELA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT III**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681S-2(B)(1)(C) AND (D)**

**[AGAINST AFS AND MOHELA]**

110. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

111. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendants AFS and MOHELA violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Defendants AFS's and MOHELA's reporting to Plaintiff's credit files with Trans Union, LLC and Equifax Information Services, LLC and failing to correctly report results of an accurate investigation to each other credit reporting agency.

112. As a result of the conduct, actions and inactions of Defendants AFS and MOHELA the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

113. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendants AFS and MOHELA intended their employees or agents to follow.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

114. The conduct, actions and inactions by Defendants AFS and MOHELA were willful, rendering Defendants AFS and MOHELA liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative I.C. were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

115. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants AFS and MOHELA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT IV**

**VIOLATION OF THE CCRAA**

**CAL CIV § 1785.25(A)**

**[AGAINST AFS AND MOHELA]**

116. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

117. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendants AFS and MOHELA violated Cal Civ §1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

118. As a result of the conduct, actions, and inactions of Defendants AFS and MOHELA the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

119. The conduct, actions, and inactions by Defendants AFS and MOHELA were willful, rendering Defendants AFS and MOHELA liable for punitive damages in an amount of up to $5,000 for <u>each</u> violation to be determined by the Court

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

pursuant to Cal Civ §1731(a)(2)(B). In the alternative Defendants were negligent entitling the Plaintiff to recover under Cal Civ §1731(a)(1).

120. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants AFS and MOHELA in an amount to be determined by the Court pursuant to Cal Civ §1731(a)(1).

**COUNT V**

**VIOLATION OF THE CITA**

**CAL CIV. CODE §1798.93, ET SEQ.**

**[AGAINST AFS]**

121. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

122. The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

123. Plaintiff brings this cause of action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendant AFS based upon alleged debts and/ or security interest resulting from identity theft.

124. Plaintiff has provided written notice to Defendant AFS that a situation of identity theft may exist with respect to the money, including a copy of the Police Report. Defendant AFS has failed to diligently investigate Plaintiff's notifications of identity theft. Defendant AFS has continued to have a claim for money and/or interest in Plaintiff's money after they were presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

125. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

of up to $30,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1798.93(c)(6).

126. In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant AFS on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Defendant AFS purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction restraining Defendant AFS from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

## COUNT VI
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681C-2
### [AGAINST TRANS UNION AND EQUIFAX]

127. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

128. Defendants TRANS UNION and EQUIFAX violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction made by Plaintiff.

129. On June 1, 2020, Plaintiff sent, via certified mail, an IDTN to Defendants TRANS UNION and Defendants EQUIFAX, which included her name, full SSN, address, date of birth, a statement that the entire balance associated with

the DoE/AFS and MOHELA accounts were fraudulently incurred student loans due to identity theft, a police report regarding the identity theft, and FTC Affidavit of Identity Theft, Plaintiff's driver's license, and annotated copies of their respective credit reports with the disputed items circled.

130. TRANS UNION received the IDTN on June 3, 2020.

131. EQUIFAX received the IDTN on June 4, 2020.

132. As of December 2020, Defendants TU's credit report for Plaintiff still showed the DoE/AFS and MOHELA student loan accounts in their entirety, with the full fraudulent balances, increasing due to interest.

133. As of December 2020, Defendants EQ's credit report for Plaintiff still showed the DoE/AFS and MOHELA student loan accounts in their entirety, with the full fraudulent balances, increasing due to interest.

134. As a result of the conduct, actions and inactions of Defendants TRANS UNION and EQUIFAX, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

135. The conduct, actions and inactions by Defendants TRANS UNION and EQUIFAX were willful, rendering Defendants TRANS UNION and EQUIFAX liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants TRANS UNION and EQUIFAX were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

136. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants TRANS UNION and EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT VII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### [AGAINST TRANS UNION AND EQUIFAX]

137. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

138.  Defendants TRANS UNION and EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

139. As a result of the conduct, actions and inactions of TRANS UNION and EQUIFAX, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

140. The conduct, actions and inactions by TRANS UNION and EQUIFAX were willful, rendering TRANS UNION and EQUIFAX liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative TRANS UNION and EQUIFAX were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

141. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from TRANS UNION and EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# COUNT VIII

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681I(A)(1)

### [AGAINST TRANS UNION AND EQUIFAX]

142. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

143. Defendants TRANS UNION and EQUIFAX violated 15 U.S.C. §1681i(a)(l) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

144. As a result of the conduct, actions and inactions of Defendants TRANS UNION and EQUIFAX the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

145. The conduct, actions and inactions by Defendants TRANS UNION and EQUIFAX were willful, rendering Defendants TRANS UNION and EQUIFAX liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants TRANS UNION and EQUIFAX were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

146. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants TRANS UNION and EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# COUNT IX

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681I(A)(4)

### [AGAINST TRANS UNION AND EQUIFAX]

147. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

148. Defendants TRANS UNION and EQUIFAX violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

149. As a result of the conduct, actions and inactions of Defendants TRANS UNION and EQUIFAX the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

150. The conduct, actions and inactions by Defendants TRANS UNION and EQUIFAX were willful, rendering Defendants TRANS UNION and EQUIFAX liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants TRANS UNION and EQUIFAX were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

151. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants TRANS UNION and EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///
///
///
///
///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT X

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681i(a)(5)(A)

### [AGAINST TRANS UNION AND EQUIFAX]

152. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

153. Defendants TRANS UNION and EQUIFAX violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

154. As a result of the conduct, actions and inactions of Defendants TRANS UNION and EQUIFAX the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

155. The conduct, actions and inactions by Defendants TRANS UNION and EQUIFAX were willful, rendering Defendants TRANS UNION and EQUIFAX liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants TRANS UNION and EQUIFAX were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

156. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants TRANS UNION and EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///
///
///
///

## COUNT XI

## VIOLATION OF § 1692E OF THE FDCPA

## [AGAINST AFS]

157. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

158. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

159. A debt collector violates §1692e(2)(a) of the FDCPA when it falsely represents the character, amount, and legal status of a debt.

160. AFS violated § 1692e(2)(a) when it, among other qualifying actions and omissions, willfully misrepresented the character, amount and legal status of the debt in that it represented that Plaintiff owed the debt when she did not.

161. A debt collector violates §1692e(8) when it communicates and/or threatens to communicate credit information which is known or should be known to be false.

162. AFS violated §1692e(8) when it reported the fraudulent debt to Plaintiff's Experian, Equifax, and Trans Union  credit reports when it knew or should have known that the debt was fraudulently obtained using Plaintiff's personal identifying information without her permission – i.e. that it knew or should have known that the loans were only obtained as a result of the theft of Plaintiff's identity.

163. A debt collector violates §1695e(10) when it uses a false representation and/or deceptive means to collect or attempt to collect a debt from a consumer.

164. AFS violated §1692e(10) when it falsely represented that Plaintiff owed the debt in order to attempt to collect the fraudulent debt from Plaintiff.

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT XII

### VIOLATION OF § 1692F OF THE FDCPA

### [AGAINST AFS]

165. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

166. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

167. A debt collector violates §1692f(1) of the FDCPA when it collects or attempts to collect any amount unless authorized by agreement or permitted by law.

168. AFS violated § 1692f(1) when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect fraudulently obtained loans from Plaintiff that Plaintiff does not owe.

## COUNT XIII

### VIOLATION OF § 1788.17 OF THE RFDCPA

### [AGAINST AFS AND MOHELA]

169. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

170. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

171. Defendant AFS violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e and § 1692f, as described above.

172. Defendant MOHELA violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e and § 1692f.

   a. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

b. A debt collector violates §1692e(2)(a) of the FDCPA when it falsely represents the character, amount, and legal status of a debt.

    i. MOHELA violated § 1692e(2)(a) when it, among other qualifying actions and omissions, willfully misrepresented the character, amount and legal status of the debt in that it represented that Plaintiff owed the debt when she did not.

c. A debt collector violates §1692e(8) when it communicates and/or threatens to communicate credit information which is known or should be known to be false.

    i. MOHELA violated §1692e(8) when it reported the fraudulent debt to Plaintiff's Experian, Equifax, and Trans Union credit reports when it knew or should have known that the debt was fraudulently obtained using Plaintiff's personal identifying information without her permission – i.e. that it knew or should have known that the loans were only obtained as a result of the theft of Plaintiff's identity.

d. A debt collector violates §1695e(10) when it uses a false representation and/or deceptive means to collect or attempt to collect a debt from a consumer.

    i. MOHELA violated §1692e(10) when it falsely represented that Plaintiff owed the debt in order to attempt to collect the fraudulent debt from Plaintiff.

e. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

f. A debt collector violates §1692f(1) of the FDCPA when it collects or attempts to collect any amount unless authorized by agreement or permitted by law.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

i.   MOHELA violated § 1692f(1) when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect fraudulently obtained loans from Plaintiff that Plaintiff does not owe.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a)   An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5), 15 U.S.C. §§ 1681n, and 1681o, and Cal. Civ. Code §1731(a)(1) against AFS and for Plaintiff;

b)   An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5) against AFS and for Plaintiff;

c)   A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.98(c)(5) against Defendant AFS and for Plaintiff;

d)   An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1798.93(c)(5) against AFS and for Plaintiff;

e)   A declaration that Plaintiff is not obligated to Defendants on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1) against AFS and for Plaintiff;

f)   A declaration that any security interest, or other interest, Defendants purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2) against AFS and for Plaintiff;

g)   The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4) against AFS and for Plaintiff;

h)   An injunction restraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3) against AFS;

i) Award of injunctive relief pursuant to Cal. Civ. Code § 1798.93(c)(3) that Defendants be ordered to immediately return to Plaintiff's money against AFS and for Plaintiff;

j) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n, and 1681o, and Cal. Civ. Code §1731(a)(1) against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

k) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

l) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1731(a)(1) against AFS and MOHELA and for Plaintiff;

m) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

n) An order directing that each Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

o) An award of punitive damages against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

p) Actual damages pursuant to 15 U.S.C. §1681n, 15 U.S.C. §1681o, Cal. Civ. Code § 1785.31, Cal. Civ. Code § 1788.30, and Cal. Civ. Code §

1798.93(c)(5) against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

q) Actual damages pursuant to 15, U.S.C. §1681n and 15 U.S.C. §1681o against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff,

r) Statutory damages pursuant to 15 U.S.C. §1681n, 15 U.S.C. §1681o, Cal. Civ. Code § 1788.30, and Cal. Civ. Code § 1785.31, against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

s) Statutory damages pursuant to 15, U.S.C. §1681n and 15 U.S.C. §1681o, against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

t) Punitive damages pursuant to 15 U.S.C. §1681n, 15 U.S.C. §1681o, and Cal. Civ. Code § 1785.31, against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff;

u) Punitive damages pursuant to 15, U.S.C. §1681n and 15 U.S.C. §1681o, against AFS, MOHELA, TRANS UNION, and EQUIFAX and for Plaintiff; and

v) Award to Plaintiff of such other and further relief as may be just and proper.

w) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against AFS and for Plaintiff, and,

x) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against AFS and for Plaintiff, and,

y) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against AFS and MOHELA and for Plaintiff, and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

z)  Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against AFS and for Plaintiff, and,

aa) Award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against AFS and MOHELA and for Plaintiff, and,

bb) Award to Plaintiff of such other and further relief as may be just and proper.

## <u>TRIAL BY JURY IS DEMANDED</u>

173. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: June 2, 2021              BY:    /s/ LAUREN B. VEGGIAN
                                        MICHAEL F. CARDOZA, ESQ.
                                        LAUREN B. VEGGIAN, ESQ.
                                        ATTORNEYS FOR PLAINTIFF,
                                        MELISSA LOIS WALKER

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104