# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LOIS WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00879-DAD-SAB<br><br>ORDER RE DEFENDANT MOHELA'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 33) |

Plaintiff Melissa Lois Walker ("Plaintiff") filed this action against Defendants Higher Education Loan Authority of the State of Missouri ("MOHELA"), Action Financial Services, LLC, Trans Union, LLC, and Equifax Information Services, LLC on June 2, 2021. (ECF No. 1.) Defendants have all filed answers to the complaint. (ECF Nos. 15, 18, 22, 23.)

Currently before the Court is MOHELA's motion for a protective order to stay discovery pending resolution of its motion for judgment on the pleadings. (ECF No. 33.) On May 4, 2022, the parties appeared before the Court by videoconferencing. (ECF No. 38.) Counsel Ryan McBride appeared for Plaintiff. Counsel Lukas Sosnicki appeared for Defendant MOHELA, Brett Goodman appeared for Defendant Action Financial Services, LLC, and Camille Nicodemus

1

appeared for Defendant TransUnion, LLC.[1]  For the reasons discussed herein, the Court shall grant MOHELA's motion but order MOHELA to supplement the record as discussed herein within fourteen days of issuance of this order.

## I.

## RELEVANT BACKGROUND

Plaintiff contends she was the victim of identify fraud, and that student loans were purportedly issued under her name for "American Public University System," a school which Plaintiff never applied for nor attended.  Plaintiff asserts multiple claims under federal and state law arising from Defendants' alleged incorrect reporting of delinquent student loan debt payments to credit bureaus, and their refusal to correct Plaintiff's credit report and halt collections proceedings even after being presented with evidence of the identity fraud.  As a result of Defendants' actions, Plaintiff claims her credit was negatively affected, her credit cards were closed, she cannot qualify for an affordable car loan or home loan, her tax return refund was garnished through collections, and she experienced mental and emotional suffering.  As relevant to Defendant MOHELA, Plaintiff asserts claims for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., the Consumer Credit Reporting Agency Act, Cal. Civ. Code §§ 1785 et seq., and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 et seq. (Counts 1, 2, 3, 4 and 13) arising from MOHELA's alleged refusal to discharge the loans and submit corrected reports to the credit bureaus after Plaintiff presented it with evidence of the identity fraud.  Plaintiff seeks damages, civil penalties, and declaratory and injunctive relief.

On August 19, 2021, MOHELA filed a motion for judgment on the pleadings.  (ECF No. 24.)  MOHELA seeks dismissal of all of Plaintiff's claims asserted against it on the bases that (1) MOHELA is entitled to sovereign immunity as an "arm of the state" of Missouri, and (2) alternatively, Plaintiff fails to allege sufficient facts to state any claim against MOHELA.  As of September 14, 2021, the motion for judgment on the pleadings was fully briefed and has been deemed submitted on the papers before the District Judge.  (ECF Nos. 25, 28, 31.)

---

[1] Counsel for Defendants Action Financial Services and TransUnion confirmed they had not joined in MOHELA's motion and were appearing to observe the proceedings only.

On January 21, 2022, Plaintiff served written discovery requests on MOHELA that included requests for admission, requests for production, and special interrogatories. (See McBride Decl., ECF No. 36-1.) MOHELA provided non-substantive responses that consisted of objections only. Among many boilerplate objections was the objection that each discovery request was "premature, harassing, unduly burdensome, and prejudicial given the pendency of MOHELA's motion for judgment on the pleadings. . . ." (See Ex. A, ECF No. 36-2.) The parties met and conferred and MOHELA indicated it would not provide any further responses while its motion for judgment on the pleadings was still pending. Plaintiff did not file a motion to compel discovery.

On March 25, 2022, MOHELA filed the instant motion for protective order to stay discovery pending the Court's ruling on its motion for judgment on the pleadings. (ECF No. 33.) Plaintiff opposed the motion on April 8, 2022. (ECF No. 36.) On April 18, 2022, MOHELA filed a reply. (ECF No. 37.) On May 4, 2022, the parties, as previously identified, appeared before this Court for the hearing on the motion. (ECF No. 38.)

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b). It further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

However, there are limits to these general discovery principles. Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted). Further, the Ninth Circuit has found that a stay is appropriate where it "furthers the goal of efficiency for the court and litigants." See, e.g., Rutman Wine v. E. & J. Gallo Winery, 829 F.2d 729 (9th Cir. 1987) (stating, in the context of an antitrust action, that "[i]t

3

is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"). This coincides with the goal of Rule 1, which directs that the Federal Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Ninth Circuit caselaw demonstrates a party may seek a protective order to stay discovery pending resolution of a potentially dispositive motion, such as a Rule 12(b)(6) motion to dismiss. See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)). Nonetheless, the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery. See, e.g., Skellercup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.") (citation and quotation marks omitted). Therefore, within the context of a pending motion to dismiss, a motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); accord Skellercup Indus. Ltd., 163 F.R.D. at 600; In re Valence Tech. Sec. Litig., No. C 94–1542–SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994); see also Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (citation and quotation marks omitted).

Furthermore, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. See Alaska Cargo Transp., Inc. v. Alaska R.R., Corp., 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery

4

1  was relevant to whether or not the court had subject matter jurisdiction); see also Quair v. Bega,
2  No. CV F 02 5891 REC DLB, 2005 WL 552537, at *2 (E.D. Cal. Mar. 7, 2005) (denying a
3  protective order is particularly appropriate if a stay of discovery could preclude either party from
4  fully preparing for the pending dispositive motion) (citing Pac. Lumber Co. v. Nat'l Union Fire
5  Ins. Co. of Pittsburgh, PA, 220 F.R.D. 349, 352 (N.D. Cal. 2003)).

6        While the Ninth Circuit has not announced a clear standard against which to evaluate a
7  request or motion to stay discovery in the face of a pending, potentially dispositive motion,
8  varying tests have been applied by the California district courts.  One test considers: (1) whether
9  the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue
10 at which discovery is aimed; and (2) whether the pending, potentially dispositive motion can be
11 decided absent additional discovery.  Under this test, a protective order is appropriate where the
12 moving party satisfies these two prongs, but discovery should proceed if either prong of the test is
13 not met.  District courts in California have applied variations of this test with frequency.  See,
14 e.g., Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., Civ. No. S–10–1207 GEB GGH,
15 2011 WL 130228 (E.D. Cal. Jan. 14, 2011) ("peeking" at merits of underlying dispositive to
16 determine whether there was "no question . . . that the dispositive motion will prevail, and that
17 therefore, discovery is a waste of effort."); Quest Commc'ns Corp. v. Herakles, LLC, No. 2:07-
18 cv-00393-MCE-KJM, 2007 WL 2288299 (E.D. Cal. Aug. 8, 2007) (evaluating likelihood that
19 leave to amend would be granted to determine whether underlying motion was truly dispositive);
20 Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp., No. S-07-0142 LKK GGH, 2007 WL
21 1146607 (E.D. Cal. Apr. 19, 2007) (requiring defendant show by clear and convincing evidence it
22 would prevail on the merits of its dispositive motion in order to obtain a stay of discovery); but
23 see GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284 (S.D. Cal. 2000) (on reconsideration
24 to district judge, magistrate judge's requirement that it be "immediately certain" or "foregone
25 conclusion" that pending dispositive motion would be granted, when ruling on stay motion, was
26 clear error); see also Hall v. Tilton, No. C 07–3233 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb.
27 9, 2010) (cursory evaluation of dispositive nature of underlying motion); Pac. Lumber Co., 220
28 F.R.D. at 352 (evaluating scope and breadth of discovery requests, issues for which discovery

1 | was needed, and prejudice to nonmoving party).

2 | Another test considers multiple factors on a case-by-case basis to determine the propriety of the requested discovery stay: (1) the type of motion and whether it is a challenge as to the "sufficiency" of the allegations or as a "matter of law"; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances. See Skellercup Indus. Ltd., 163 F.R.D. at 601 (quoting Hachette Distrib., Inc. v. Hudson Cnty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y 1991)).

Regardless, district courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Alaska Cargo, 5 F.3d at 383 (concluding granting a motion to stay discovery pending a motion to dismiss is within the Court's discretion); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders); Dichter-Mad Fam. Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam) (district courts may exercise broad discretion in managing discovery).

In sum, determining whether a stay of discovery pending the outcome of a dispositive motion is warranted requires a case-by-case analysis because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. The Court finds the aforementioned authorities instructive in evaluating the "good cause" requirement set forth under Rule 26(c)(1) as well as the goal of Rule 1 to "secure the just, speedy, and inexpensive determination of every action," and therefore bases its analysis on the factors most pertinent to the instant case, as follows.

///
///
///

# III.

# DISCUSSION

### A. The Pending Motion is Potentially Dispositive of Plaintiff's Claims Against MOHELA

As noted above, in evaluating whether a stay should issue, California courts evaluate the dispositive nature of the underlying motion in various manners. The Court acknowledges some courts, in taking a "peek" at the merits of the potentially dispositive motion, have conducted fairly in-depth analyses of the underlying motion, sometimes requiring the defendant establish a strong likelihood of success on the merits in order to receive a stay of discovery. See, e.g., Cal. Sportfishing Prot. All., 2011 WL 130228; Quest Commc'ns, 2007 WL 2288299; Seven Springs, 2007 WL 1146607. However, it is the District Judge, and not this Court, who is responsible for resolving MOHELA's underlying motion for judgment on the pleadings. Accordingly, this Court's "peek" at the merits, while consistent with the general practice of courts in this District, is limited. Nevertheless, based on its limited "peek" at the merits, the Court has determined that MOHELA's underlying motion, if successful, would be fully dispositive of Plaintiff's claims.

MOHELA's motion seeks dismissal of every cause of action Plaintiff asserted against it based on Eleventh Amendment immunity grounds.[2] Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). State sovereign immunity does not extend to county and municipal governments unless state law treats them as arms of the state. Sato v. Orange Cnty. Dept. of Edu., 861 F.3d 923, 928 (9th Cir. 2017) (citations omitted). In determining whether an entity is to be treated as an arm of the state "or instead is to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend," the Ninth Circuit requires evaluation of the following

---

[2] The Court notes MOHELA's motion alternatively asserts a challenge to the sufficiency of the pleadings in the sense that Plaintiff failed to allege sufficient facts to state a claim. This argument would not establish good cause to stay discovery because, even if MOHELA's motion was granted on this basis, Plaintiff would very likely be granted leave to file a first amended complaint to cure such deficiencies. See, e.g., Quest Commc'ns, 2007 WL 2288299. Regardless, the Court need not address this second argument, having determined MOHELA's immunity argument would be sufficiently dispositive to justify a stay.

1 factors: (1) whether a money judgment would be satisfied out of state funds; (2) whether the
2 entity performs central governmental functions; (3) whether the entity may sue or be sued; (4)
3 whether the entity has the power to take property in its own name or only the name of the state;
4 and (5) the corporate status of the entity. Id. (quoting Mitchell v. L.A. Cmty. Coll. Dist., 861
5 F.2d 198, 201 (1988)). To determine these factors, the Court looks to the way state law treats the
6 entity. Mitchell, 861 F.2d at 201 (collecting cases).

7 The Court acknowledges Plaintiff's argument that MOHELA's contentions regarding its
8 own business practices, procedures, and relationship with the State of Missouri are not reflected
9 in the complaint, supported by any affidavits or other evidence, or accompanied by any request
10 for judicial notice. (ECF No. 28 at 6.) This argument is fairly well-taken. Substantively,
11 Plaintiff also opposes MOHELA's motion on the basis that its claims regarding purported state-
12 functions are overstated. This, too, is a colorable argument.

13 However, the Court also acknowledges MOHELA has raised colorable arguments in
14 support of its motion for judgment on the pleadings. Moreover, because this would be an issue of
15 first impression in the Ninth Circuit, and particularly in light of the split in authority as to the
16 specific issue of whether MOHELA should be deemed an "arm of the state,"[3] this Court declines
17 to conduct an in-depth review of the underlying merits of the motion presently before the District
18 Judge. To do so would be procedurally awkward and judicially inefficient. Rather, for purposes
19 of determining the propriety of granting a stay of discovery pending resolution of the underlying
20 motion, the Court finds it sufficient to note MOHELA's colorable arguments that it is entitled to
21 Eleventh Amendment immunity, if successful, would be fully dispositive as to all claims asserted
22 ///

---

[3] For example, the Court notes in Dykes v. Mo. Higher Educ. Loan Auth., No. 4:21-cv-00083-RWS, 2021 WL 3206691 (E.D. Mo. Jul. 29, 2021), the only case this Court found which specifically addresses Eleventh Amendment sovereign immunity as potentially applicable to MOHELA as a student loan servicer in the State of Missouri, the Eastern District of Missouri provided a lengthy analysis of the state statutes relating to MOHELA and concluded that MOHELA was not an "arm of the state" and therefore not entitled to sovereign immunity. See also Perkins v. Equifax Info. Servs., LLC, No. SA-19-CA-1281-FB (HJB), 2020 WL 13120600 (W.D. Tex. May 1, 2020) (applying Fifth Circuit's "arm of State" test to find MOHELA was not entitled to immunity in FCRA/FDCPA case based on claims of identity theft). However, at least one other state applying the immunity analysis of its circuit reached the opposite conclusion. See Gowens v. Capella Univ., No. 4:19-CV-362-CLM, 2020 WL 10180669 (N.D. Ala. Jun. 1, 2020) (applying Eleventh Circuit's "arm of the State" test).

against it.[4]  See Hicks v. Hamkar, No. 2:13-cv-1687-KJM-CKD P (TEMP), 2015 WL 10435020, at *3 (E.D. Cal. Dec. 3, 2015), report and recommendation adopted, No. 2:13-cv-1687-KJM-CKD P (TEMP), 2016 WL 861761 (E.D. Cal. Mar. 7, 2016) (granting unopposed motion to stay discovery pending ruling on motion to dismiss on qualified immunity grounds); Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife, 288 F.R.D. 500, 506 (D. Nev. 2013) (stay of discovery warranted where underlying dispositive motion raised issues regarding jurisdiction and the alleged immunity of the defendants).  In combination with the reasons to follow, this consideration supports granting a temporary stay of discovery.

### B. The Pending Dispositive Motion Can Be Decided Absent Additional Discovery

Also relevant to the Court is the determination that MOHELA's motion for judgment on the pleadings speaks to purely legal issues and the sufficiency of Plaintiff's allegations.  See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); see also Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (holding that on the facts presented, "discovery could not have affected" the district court's preliminary decision regarding issues of immunity).  At the hearing, Plaintiff conceded this point, noting she did not oppose MOHELA's requested stay due to a need for additional information to sufficiently respond to the pending underlying motion, but rather because she wished to avoid the anticipated loss or destruction of evidence likely to occur if discovery was stayed.[5]  Accordingly, the Court concludes that MOHELA's motion can be decided without the discovery sought by Plaintiff.

### C. Prejudice to Plaintiff

The Court also considers the potential prejudice to Plaintiff, as it is a significant

---

[4] Again, the Court notes emphasizes that no pronouncement of this Court concerning the merits of the dispositive motion binds the District Judge in any way.

[5] Plaintiff confirmed the information she seeks in discovery pertains to MOHELA's narrative of what actions it took regarding the investigation into Plaintiff's identity theft claim, and not the issue of MOHELA's status as a potential state agent.  Indeed, while it remains unclear why MOHELA delayed so long in seeking a protective order after being served with discovery requests — a question which counsel failed to directly answer at the hearing on the motion — the Court nevertheless notes that the underlying motion was fully briefed by the parties before Plaintiff served any discovery requests on MOHELA. (See ECF No. 36 at 2.)

9

consideration to the instant matter. Defendant argues the proposed stay would not prejudice Plaintiff because no scheduling order has yet issued; therefore, if MOHELA's motion is not granted, Plaintiff will have ample time to complete discovery with MOHELA, and Plaintiff remains free to conduct discovery from the other Defendants in this case in the meantime. However, this argument rings hollow in light of Plaintiff's stated concerns regarding destruction of evidence.

More specifically, in opposing the proposed stay, Plaintiff proffers she would be severely prejudiced because many of the records she seeks from MOHELA are held by third-party vendors contracted by MOHELA to respond to consumer disputes. Thus, Plaintiff maintains that, if MOHELA is not compelled to obtain this critical evidence, it will not be maintained indefinitely by the third-party vendors absent proper safeguards but will be destroyed over time. (ECF No. 36 at 3–4.) The Court finds this point is well-taken. At the hearing, Plaintiff further elaborated she will also be prejudiced by a stay because not all facts are recorded in the case file notes, and she seeks to depose the individual employees who handled her claim for their personal recollections about any undocumented information on the work done and items reviewed before memories fade.

In its reply briefing, MOHELA noted Plaintiff's arguments appear to be based on hypothetical, unsupported assertions regarding the risk of the loss of evidence by unnamed and unknown third parties. (ECF No. 37 at 1–2.) More importantly, however, counsel for MOHELA stated at the hearing that MOHELA doesn't use third party vendors "to do investigation[s]" and counsel was not aware of any third parties being involved in the instant matter. At this time, the Court is unaware of any evidentiary support in the record for this assertion. However, assuming the statement made by counsel in open court at the hearing may be properly verified by MOHELA, then Plaintiff's most compelling showing of prejudice — and consequently, argument for denial of the stay of discovery — is rendered moot and the Court is inclined to find that Plaintiff's arguments regarding potential prejudice are unavailing.[6] Conversely, if the statement

---

[6] Presumably, Plaintiff's secondary concern is easily abated by MOHELA through issuance of a litigation hold, as any in-house records relevant to Plaintiff's case should be preserved, under penalty of spoliation of evidence sanctions, so long as MOHELA remains a party to this litigation. To this extent, the Court does not find the potential

remains unsupported, however, the Court likely cannot conclude Plaintiff would not be significantly prejudiced by the stay.

Accordingly, in light of the importance of this factor, the Court shall grant MOHELA's motion, but will require MOHELA to supplement the record with a sworn affidavit from the appropriate most knowledgeable person at MOHELA as to counsel's in-court representation that no third-party vendors were involved in the Plaintiff's identity fraud case. However, if the Plaintiff in good faith finds the affidavit insufficient to establish that no third-party vendors were involved in Plaintiff's case, Plaintiff may file a motion for reconsideration of this ruling pursuant to Rule 72(a).

### D. No Stay of Disc for Other Defendants

As a final matter, the Court notes Plaintiff requests discovery continue to proceed with respect to the remaining Defendants, who did not join MOHELA's motion for judgment on the pleadings or file a dispositive motion, and who have not sought a protective order to stay discovery. The Court agrees that any stay would be inapplicable to these other Defendants.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. MOHELA's motion for a protective order to stay discovery pending the motion for judgment on the pleadings (ECF No. 33) is GRANTED; and
2. MOHELA shall submit an affidavit addressing the concerns of prejudice to Plaintiff as set forth herein within **fourteen (14) days** from the date of issuance of this order.

IT IS SO ORDERED.

Dated:   **May 6, 2022**

UNITED STATES MAGISTRATE JUDGE

---

prejudice to Plaintiff based on that consideration, alone, would outweigh the previously addressed good cause and "just, speedy, and inexpensive determination" considerations under Rules 1 and 26.