# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LOIS WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00879-ADA-SAB<br><br>ORDER RE STIPULATION TO DISMISS PLAINTIFF'S COUNT XIII AS AGAINST DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI ONLY<br><br>(ECF No. 53) |

On October 20, 2022, the parties filed a stipulation of dismissal of Plaintiff's Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 et seq., cause of action (Count XIII) as against Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA") only. (ECF No. 53.)

The Ninth Circuit has issued mixed orders with respect to whether Federal Rule of Civil Procedure 41(a)(1) can be used to dismiss individual claims against defendants, as opposed to Rule 15. Compare Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15].") with Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a

1   Rule 41(a)(1) notice."). Here, the Court finds it proper to construe the parties' stipulation to
2   dismiss the individual cause of action as consent to amend the complaint under Rule 15 of the
3   Federal Rules of Civil Procedure. See Hells Canyon Pres. Council, 403 F.3d at 689 ("The fact
4   that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under
5   Rule 15 is a technical, not a substantive distinction.") (quoting Nilssen v. Motorola, Inc., 203
6   F.3d 782, 784 (Fed. Cir. 2000)). Furthermore, the stipulation is consistent with the parties'
7   request, which the Court indicated it would grant, at the October 12, 2022 hearing on
8   MOHELA's motion for judgment on the pleadings. (See ECF No. 49.) Therefore, the Court will
9   give full effect to the parties' stipulation.

10      Accordingly, IT IS HEREBY ORDERED that pursuant to the parties' stipulation to
11  dismiss Plaintiff's Count XIII with prejudice as asserted against Defendant MOHELA only,
12  Plaintiff's complaint (ECF No. 1) is DEEMED AMENDED and the Rosenthal Fair Debt
13  Collections Practices Act cause of action (Count XIII) is no longer alleged against Defendant
14  Higher Education Loan Authority of the State of Missouri.

IT IS SO ORDERED.

Dated:   **October 21, 2022**         _____
                                     UNITED STATES MAGISTRATE JUDGE