1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MELISSA LOIS WALKER, | Case No. 1:21-cv-00879-ADA-SAB |
| 12  Plaintiff, | ORDER RE STIPULATION TO DISMISS PLAINTIFF'S FIRST, SECOND, THIRD, |
| 13  v. | FOURTH, ELEVENTH, AND THIRTEENTH CAUSES OF ACTION AGAINST |
| 14  HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF | DEFENDANT ACTION FINANCIAL SERVICES, LLC, DEEMING COMPLAINT |
| 15  MISSOURI, et al., | AMENDED |
| 16  Defendants. | |
| 17 | (ECF No. 71) |

18      On May 17, 2023, Plaintiff and Defendant Action Financial Services, LLC, filed a

19  stipulation agreeing to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(II)

20  Plaintiff's first, second, third, fourth, eleventh, and thirteenth causes of action against Defendant

21  Action Financial Services, LLC.  (ECF No. 71.)  These causes of action as to other Defendants,

22  and all other causes of action, including those against this Defendant, will remain active.  (Id.)

23      The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used

24  to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do

25  so.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In

26  the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal

27  dismissals.  Instead, withdrawals of individual claims against a given defendant are governed by

28  [Rule 15].");  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a

plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.").  The Court finds it proper to construe the parties' stipulation to dismiss the individual cause of action as consent to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure.  See Hells Canyon Pres. Council, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784 (Fed. Cir. 2000)).  Therefore, the Court will give full effect to the parties' stipulation through a Rule 15 amendment.

Accordingly, IT IS HEREBY ORDERED that pursuant to the parties' stipulation, the Plaintiff's complaint is DEEMED AMENDED and the first, second, third, fourth, eleventh, and thirteenth causes of action are no longer alleged against Defendant Action Financial Services, LLC.

IT IS SO ORDERED.

Dated:   **May 17, 2023**

UNITED STATES MAGISTRATE JUDGE