# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LOIS WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00879-ADA-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF Nos. 63, 86) |

**I.**

**INTRODUCTION**

This action was filed on June 2, 2021. (ECF No. 1.) A scheduling order for this matter was issued on December 16, 2022. (ECF No. 63.) The scheduling order contains the following dates and deadlines:

1. Non-Expert Discovery Deadline: **June 30, 2023**;

2. Expert Disclosure Deadline: **July 14, 2023**;

3. Supplemental Expert Disclosure Deadline: **August 31, 2023;**

4. Expert Discovery Deadline: **September 29, 2023**;

5. Dispositive Motion Filing Deadline: **November 20, 2023**;

6. Pretrial Conference: **April 29, 2024,** at **1:30 p.m.**, in **Courtroom 1**; and

1

7.     Trial: **July 9, 2024**, at **8:30 a.m.**, in **Courtroom 1**.

(ECF No. 63.)

## II.

## LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable"

because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

## III.

## DISCUSSION

On September 18, 2023, the parties filed a stipulation to continue the expert discovery deadline, which the Court construes as a stipulated motion to modify the scheduling order. (ECF No. 86.) In the instant motion, the parties also seek to reopen fact discovery after the deadline has expired to depose two fact witnesses.

### A.     The Parties' Stipulated Request to Extend the Expert Discovery Deadline

The parties proffer that they have agreed to extend the expert discovery deadline by thirty (30) days from September 29, 2023 to October 30, 2023, due to scheduling challenges to complete two credit expert depositions. The parties do not seek a continuance of the pretrial conference or trial dates. The Court finds good cause to grant the stipulated extension of the expert discovery deadline.[1]

///

---

[1] In the Court's December 16, 2022 scheduling order, the Court noted that "**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause**." (ECF No. 63 at 7 (emphasis in original).)  The Court recognizes the parties' pleading deficiencies by failing to file an affidavit, declaration, or other appropriate exhibit establishing good cause for granting the instant motion; however, in the interest of expediency, preserving court resources, and given the timely agreement of the parties, the Court finds good cause to extend the expert discovery deadline.

3

### B. The Parties' Request to Reopen Fact Discovery

In the instant motion, the parties also filed a stipulation to depose an additional Federal Rule of Civil Procedure 30(b)(6) fact witness after the close of non-expert discovery. (ECF No. 86.) Additionally, Plaintiff filed a "unilateral" request to allow Plaintiff to take the deposition of non-expert witness, Nina Zavala, a program and management analyst with the United States Department of Education, pursuant to Federal Rule of Civil Procedure 45. (ECF No. 86.) Defendants do not oppose Plaintiff's unilateral request.

The primary basis for the request to reopen fact discovery for both fact witnesses is that on July 28, 2023, Defendant Higher Education Loan Authority of the State of Missouri, doing business as MOHELA ("MOHELA") provided a supplemental production consisting of ninety (90) pages. (ECF 86 at 2.) The parties explain that MOHELA has agreed to provide one Fed. R. Civ. P. 30(b)(6) deposition on limited topics relating to the supplemental production by or before September 29, 2023. In her unilateral request, Plaintiff contends it is necessary to depose Ms. Zavala, given the relevant information contained in MOHELA's supplemental production.

Upon consideration of the above proffered reasons and legal standards, the Court finds the parties have not been diligent. The parties have not demonstrated that even with the exercise of due diligence, they could not meet the requirements of the scheduling order.

In the Court's December 16, 2022 scheduling order, the Court specified that:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

4

1  (ECF 63 at 3.)

2  Based on the scarce timeline provided in the instant motion, the moving party received
3  ninety pages of "highly relevant" supplemental production of documents on July 28, 2023. (ECF
4  87 at 2.) Clearly, the parties should have moved for modification of the scheduling order earlier
5  than this motion was submitted, or at least notified the Court around the time of the supplemental
6  production nearly two months ago. The parties have provided no reason or mention as to why the
7  parties did not notify or present this foreseeable motion to the Court at an earlier date, despite the
8  requirements for modification of discovery deadlines that have been clearly stated in the Court's
9  December 16, 2022 scheduling order.

10  While this is in part a stipulated motion and no demonstration of prejudice to any party,
11  the moving parties have not demonstrated diligence in adhering to the guidelines established by
12  the Court, and although there may be additional relevant discovery to be uncovered, the parties
13  make no specific showing of what that discovery may be, and the foreseeability of the need for
14  counsel and counsel's assistance for discovery was present at earlier points in this litigation. See
15  City of Pomona, 866 F.3d at 1066. More importantly, the lack of diligence in light of the
16  attempts to schedule discovery after the close of discovery, then failing to move the Court at an
17  earlier date, leads the Court to conclude the motion to reopen fact discovery and modify the
18  scheduling order is not supported by good cause.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the parties' stipulated motion (ECF No. 86) is GRANTED IN PART AND DENIED IN PART as follows:

1. The expert discovery deadline is reset for **October 30, 2023**;
2. The parties' motion to reopen non-expert discovery until September 29, 2023, to depose Defendant MOHELA's Federal Rule of Civil Procedure 30(b)(6) representative is DENIED;
3. Plaintiff's motion to reopen non-expert discovery until October 30, 2023, to depose Nina Zavala is DENIED; and
4. All remaining deadlines set forth in the scheduling order, as modified, shall remain unaltered.

IT IS SO ORDERED.

Dated:   **September 20, 2023**

UNITED STATES MAGISTRATE JUDGE