# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LOIS WALKER,<br><br>              Plaintiff,<br><br>    v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, et al.,<br><br>              Defendants. | Case No. 1:21-cv-00879-ADA-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER VACATING NOVEMBER 8, 2023 HEARING<br><br>(ECF Nos. 63, 86, 87, 89, 92) |

## I.

## INTRODUCTION

On October 4, 2023, Plaintiff Melissa Louis Walker ("Plaintiff") filed a motion for reconsideration (ECF No. 88) of the Court's September 20, 2023 order granting in part and denying in part the parties' stipulated motion and Plaintiff's "unilateral request" to modify the scheduling order (ECF No. 87). Defendant Higher Education Loan Authority of the State of Missouri, doing business as MOHELA, ("Defendant") opposes Plaintiff's motion for reconsideration. (ECF No. 89.) The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the hearing set for November 8, 2023 will be vacated and the parties will not be required to appear at that time. For the reasons set forth herein, Plaintiff's motion for reconsideration is denied.

**II.**

**BACKGROUND**

This action was filed on June 2, 2021. (ECF No. 1.) A scheduling order for this matter was issued on December 16, 2022. (ECF No. 63.) The scheduling order contained the following dates and deadlines:

1. Non-Expert Discovery Deadline: June 30, 2023;

2. Expert Disclosure Deadline: July 14, 2023;

3. Supplemental Expert Disclosure Deadline: August 31, 2023;

4. Expert Discovery Deadline: September 29, 2023;

5. Dispositive Motion Filing Deadline: November 20, 2023;

6. Pretrial Conference: April 29, 2024, at 1:30 p.m., in Courtroom 1; and

7. Trial: July 9, 2024, at 8:30 a.m., in Courtroom 1.

(ECF No. 63.)

On September 18, 2023, the parties filed a stipulation to continue the expert discovery deadline by thirty days and sought to reopen fact discovery to depose an unnamed Federal Rule of Civil Procedure ("Rule") 30(b)(6) fact witness by or before September 29, 2023. (ECF No. 86 at 2.) In the same filing, Plaintiff also made a "unilateral request" for the Court to issue an order allowing Plaintiff to take the deposition of a non-expert witness, Nina Zavala, a program and management analyst with the United States Department of Education, pursuant to Rule 45. (ECF No. 86 at 3; ECF No. 86-1 at 1.) Plaintiff represented that Defendant took "no position as to the Fed. R. Civ. P. 45 deposition of Ms. Zavala." (ECF No. 86 at 4.) The need for both the stipulated Rule 30(b)(6) witness deposition and Plaintiff's unilateral request for Ms. Zavala's deposition purportedly stems from a supplemental production of ninety-pages of "highly relevant" documents that were produced by Defendant on July 28, 2023, nearly a month after the non-expert discovery deadline. (Id. at 2.) Plaintiff proffered that the documents contained communications between the U.S. Department of Education and Defendant regarding policies and procedures for credit reporting. (Id. at 3.) Plaintiff specifically argued Ms. Zavala's deposition is necessary to ascertain the U.S. Department of Education's position on the requirements for

Defendant's credit reporting, which Plaintiff asserted is important because Defendant's position throughout the entirety of the current litigation is that it relies on the U.S. Department of Education for investigation into credit reporting disputes. (Id.)

Construing the stipulation and Plaintiff's unilateral request as a motion to modify the scheduling order, the Court granted the motion in part and denied it in part on September 20, 2023. (ECF No. 87.) The Court found good cause to grant the parties' timely stipulated request to continue the expert discovery deadline to October 30, 2023[1] to complete two expert depositions. (Id. at 3.) However, the Court denied the requests to sanction reopening non-expert discovery primarily because the parties failed to demonstrate diligence in obtaining discovery within the guidelines established by the Court and the Court found the need for the requested discovery was foreseeable within the time allowed for discovery. (Id. at 5 (citing City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060 (9th Cir. 2017)).) The Court specifically noted that the parties failed to explain why they waited until September—three months after the close of non-expert discovery and two months after Defendant's supplemental production—to move for modification of the scheduling order. (Id.)

On October 4, 2023, Plaintiff's filed the instant motion for reconsideration of the Court's September 20, 2023 order denying the parties' stipulated motion to reopen discovery to depose an unnamed Federal Rule of Civil Procedure 30(b)(6) fact witness and Plaintiff's unilateral request to depose Ms. Zavala. (Pl.'s Mot. for Reconsideration ("Mot.") ECF No. 88-1.) On October 11, 2023, Defendant filed an opposition to Plaintiff's motion for reconsideration. (Def.'s Opposition to Pl.'s Mot. for Reconsideration (Opp'n) ECF No. 89.) On October 20, 2023, Plaintiff filed a reply to Defendant's opposition. (Pl.'s Reply ("Reply") ECF No. 92.)

## II.
## LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

---

[1] On October 17, 2023, the parties filed another timely motion to modify the scheduling order to extend the expert discovery deadline until November 4, 2023 due to unforeseen scheduling issues. (ECF No. 90.) On October 18, 2023, the Court found good cause for the modification and granted the motion. (ECF No. 91.)

3

clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal citations and quotations omitted). Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)); see also U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before") (internal quotation marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Id. (internal quotation marks and citations omitted).

Additionally, when filing a motion for reconsideration of an order, Local Rule 230(j) requires the moving party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

### III.

### DISCUSSION

Plaintiff asks the Court to reconsider its denial to reopen non-expert discovery. (Mot. 2.)[2] In doing so, Plaintiff additionally asks this Court to "1) confirm the Fourth Supplemental Production[3] is part of the case record; 2) allow the additional Fed. R. Civ. P. 30(b)(6) deposition testimony; and 3) allow the deposition of Nina Zavala to take place." (Id.) Plaintiff argues

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.
[3] Plaintiff refers to Defendant's July 28, 2023 production of documents as the "fourth supplemental production."

4

1   Defendant's untimely fourth supplemental production is "central to the claims in the case" and it
2   would be "highly prejudicial to Plaintiff for the Court not to allow either the Fourth Supplemental
3   Production, the additional [Rule] 30(b)(6) testimony, or the deposition of Nina Zavala to take
4   place" given that Plaintiff did not know the fourth supplemental production existed before June
5   29, 2023 and did not know its substance until it was produced on July 28, 2023.  (Id.)  Plaintiff
6   admits that the communications between the parties and the substance of Defendant's fourth
7   supplemental production were not "clearly and extensively conveyed" to the Court in the parties'
8   September 18, 2023 stipulation and unilateral request.  (Id. at 4-5.)  Plaintiff thus requests that the
9   Court reconsider its denial to reopen non-expert discovery based on the "new facts and evidence"
10  provided in the instant motion.  (Declaration of Ryan L. McBride in Support of Pl.'s Mot. for
11  Reconsideration ("McBride Decl.") ECF No. 88-2 at ¶ 15).

12  Defendant opposes Plaintiff's motion for two reasons.  Defendant first argues that
13  Plaintiff's proper recourse is to request that the assigned District Judge review the Court's denial
14  to reopen non-expert discovery under Local Rule 303 rather than Plaintiff's instant motion for
15  reconsideration under Local Rule 230(j).  (Opp'n 3-4.)  Defendant reasons the Court's order is
16  derived on a stipulation between the parties rather than a motion, which precludes its review
17  under Local Rule 230(j).  (Id.)  Second, Defendant argues that even if Local Rule 230(j) applies,
18  Plaintiff's motion does not contain any new or different facts for the Court to consider.  (Id. at 2-
19  3.)  Instead, Defendant argues Plaintiff's instant motion merely reiterates (1) that Plaintiff did not
20  know the substance of the fourth supplemental production until July 28, 2023; (2) that Plaintiff
21  considers the production to be highly relevant; and (3) the description of the contents of the fourth
22  supplemental production, all of which are facts that were previously presented in the September
23  18, 2023 stipulation and unilateral request.  (Id. at 2.)

24  In her reply, Plaintiff briefly "asks the Court to consider this motion under L.R. 303(c) as
25  a request for reconsideration."  (Reply 3.)  Plaintiff further proffers that on October 19, 2023,
26  Defendant produced another untimely set of documents ("fifth supplemental production") that
27  relate to Defendant's policies and procedures and include communications regarding those
28  procedures.  (Id. at 2.)  Plaintiff argues that this set of documents is "new information" not

5

presented in her unilateral request to depose Ms. Zavala and maintains she should be allowed to depose Ms. Zavala.  (Id.)  Plaintiff thus requests that the Court amend its order to also "[a]llow the fifth supplemental production to be a part of the case record."  (Id. at 3.)

### A. Plaintiff Properly Filed Her Motion Under Local Rule 230(j)

When the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)–(4).  In its opposition, Defendant argues "it is unclear that Rule 230(j) even applies" because the Court's September 20, 2023 order derived from "a stipulation between the parties, not a motion."  (Opp'n 3.)

The Court finds Plaintiff's instant motion is properly filed as a motion for reconsideration under Local Rule 230(j) for three reasons.  First, Local Rule 101 states that " '[m]otion' means a motion, application, petition, or other request made to the Court for an order or other judicial activity."  The parties' initial motion was captioned, "Stipulation to Allow an Additional Fact Witness Deposition After the Nonexpert Discovery Deadline…and Unilateral Request to Allow a Fed. R. Civ. P. 45 Deposition After the Non-Expert Discovery Deadline."  (ECF No. 86 at 1.)  The parties filed a corresponding proposed order, which evinces the parties' part-stipulation, part-unilateral request was "made to the Court for an order…."  L.R. 101.  (See ECF No. 86-1.)  Accordingly, the parties' September 18, 2023 stipulation and unilateral request falls under the definition of "motion" within Local Rule 101 and is therefore not precluded from review under Local Rule 230(j).

Additionally, the Court expressly stated in its September 20, 2023 order that it "construes the parties' request as a stipulated *motion* to modify the scheduling order."  (ECF No. 87 at 3 (emphasis added).)  The Court's order also specifically denied both "[t]he parties' *motion* to reopen non-expert discovery" to depose Defendant's Rule 30(b)(6) witness and "Plaintiff's *motion* to reopen nonexpert discovery…to depose Nina Zavala."  (Id. at 6 (emphasis added).)  Contrary to Defendant's argument, the Court's order derived from a stipulated motion and

1 "unilateral" motion by Plaintiff.

2 Finally, irrespective of both Local Rule 101 and the Court's express construction of the parties' September 18, 2023 filing, Plaintiff is requesting, in part, that this Court reconsider its denial of Plaintiff's "unilateral request" to depose Nina Zavala. (Mot. 2.) Thus, Defendant's argument that the Court's September 20, 2023 order is derived solely from a stipulation is unavailing. Defendant only stipulated to two-thirds of the September 18, 2023 motion: the extension to the expert discovery deadline and the motion to reopen non-expert discovery to depose Defendant's Rule 30(b)(6) witness. The third request, reopening non-expert discovery to take the deposition of Ms. Zavala by or before October 30, 2023, was Plaintiff's "unilateral request," in which Defendant "[took] no position." (ECF No. 86 at 4.) Accordingly, the Court's September 20, 2023 order derived from both a stipulated motion and Plaintiff's "unilateral" motion to reopen non-expert discovery. The Court finds Plaintiff's instant motion is properly before the Court pursuant to Rule 230(j).

Relatedly, the Court denies Plaintiff's unsupported request in her reply "additionally ask[ing] the Court to consider this motion under L.R. 303(c) as a request for reconsideration." (Reply 3.) A motion for reconsideration under Local Rule 303 requires specific procedural mechanisms, including:

> A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling.

L.R. 303(c). Further, the standard of review used by the district judge when reviewing a Local Rule 303 request is the " 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a).)

Here, Plaintiff's motion does not comply with Local Rule 303(c). First, the instant motion is captioned "Plaintiff's Motion for Reconsideration of Order Denying In Part the Parties' Prior Stipulation and Plaintiff's Unilateral Request," which is procedurally noncompliant with Local Rule 303(c). (Mot. 1.) Further, Plaintiff's corresponding proposed order requests the Magistrate

7

1    Judge's signature, which clearly evinces she is not seeking reconsideration of the Magistrate
2    Judge's decision by the assigned District Judge. (See ECF No. 88-4.) Additionally, as Defendant
3    notes, Plaintiff fails to mention, nonetheless argue, that the Court's order denying the reopening
4    of non-expert discovery is "clearly erroneous or contrary to law." L.R. 303(f).

5    Given the instant motion does not meet any of the procedural requirements required by
6    Local Rule 303(c), the Court denies Plaintiff's request that the Court also construe her motion as
7    a Local Rule 303(c) request for reconsideration. The Court will therefore analyze Plaintiff's
8    instant motion as a motion for reconsideration pursuant to Local Rule 230(j).

### B.   The Court Denies Plaintiff's Motion for Reconsideration

In her motion for reconsideration of the Court's order denying the parties' stipulated motion and Plaintiff's unilateral motion to reopen non-expert discovery, Plaintiff first proffers "new facts" regarding the parties' communications that were not provided in the previous motion. Plaintiff explains Defendant's counsel notified Plaintiff's counsel via email on June 29, 2023— one day *before* the close of non-expert discovery—that Defendant would be forwarding supplemental documents "within one to two weeks." (Mot. 2; McBride Decl. ¶ 4.) Defendant's counsel did not specify the nature or contents of the documents. (McBride Decl. ¶ 4.) On July 14, 2023, Plaintiff's counsel asked if Defendant still intended to produce the supplemental production and Defendant's counsel indicated the documents would be produced by July 21, 2023. (Id. at ¶ 6.) Defendant produced the documents on July 28, 2023. (Mot. 3.) On August 3, 2023, Plaintiff's counsel sent an email to Defendant's counsel requesting a deposition of an unnamed Rule 30(b)(6) witness related to the fourth supplemental production. (McBride Decl. ¶ 9.) Plaintiff's counsel also "indicated that Plaintiff intended on deposing Ms. Zavala," who was first identified in the fourth supplemental production. (McBride Decl. ¶ 8-9.) Plaintiff's counsel proffers that Defendant's counsel agreed to an additional Rule 30(b)(6) deposition relating to the fourth supplemental production, "but did not take a position as to a deposition of Nina Zavala." (Id. at ¶ 10.) "In an exercise of due diligence," the parties took the deposition of the Rule 30(b)(6) witness on September 18, 2023, the same day the parties filed the initial stipulation and unilateral request which requested in part that the Court "allow an additional [Rule] 30(b)(6)

deposition by or before September 29, 2023." (Id. at ¶ 12; ECF No. 86 at 2.) Plaintiff therefore requests that this Court amend its order based upon these new facts regarding the parties' communications relating to the fourth supplemental production.

While Plaintiff's explanation of the parties' communications regarding the fourth supplemental production in the instant motion is certainly more detailed than Plaintiff's admittedly "cursory explanation of facts in the prior stipulation," the Court finds the newly proffered details are insufficient to support Plaintiff's motion to reopen discovery. (Mot. 6.) First, such detail regarding the parties' communications could have reasonably been raised in the parties' September 18, 2023 motion to reopen discovery. See Westlands Water Dist., 134 F. Supp. 2d at 1131 ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before"). Pursuant to Local Rule 230(j)(3), Plaintiff must present "new or different facts or circumstances…claimed to exist which did not exist or were not shown upon such prior motion." However, Plaintiff's proffered "new" facts all existed at the time of filing the September 18, 2023 stipulation and unilateral request: (1) Plaintiff argues she was not aware of the existence of the fourth supplemental production until the June 29, 2023 email from Defendant's counsel; (2) Plaintiff states she did not know the contents of the fourth supplemental production until she received it on July 28, 2023; (3) within four business days of reviewing the ninety pages, Plaintiff requested an additional deposition of the Rule 30(b)(6) witness and indicated that Plaintiff intended to depose Ms. Zavala; and (4) Plaintiff proffers that the deposition of the Rule 30(b)(6) witness occurred on September 18, 2023. (Mot. 4-5.) Clearly, Plaintiff was aware of each of these facts prior to September 18, 2023. Plaintiff has therefore failed to present new or different facts that did not exist at the time of the September 18, 2023 motion to reopen non-expert discovery.

Even if Plaintiff's "new facts" were merely "not shown upon such prior motion," such facts are insufficient to support Plaintiff's motion to reopen discovery. L.R. 230(j)(3). The Court's September 20, 2023 order stated in part:

> Clearly, the parties should have moved for modification of the scheduling order earlier than this motion was submitted, or at least notified the Court around the time of the supplemental production

9

> nearly two months ago. The parties have provided no reason or mention as to why the parties did not notify or present this foreseeable motion to the Court at an earlier date, despite the requirements for modification of discovery deadlines that have been clearly stated in the Court's December 16, 2022 scheduling order.

(ECF No. 87 at 5.)  Thus, under the scarce timeline presented in the September 18, 2023 stipulation and unilateral request, the Court evaluated the motion to reopen discovery based only on Plaintiff's proffer that she was unaware of the contents of the fourth supplemental production until they were produced on July 28, 2023. However, in the instant motion, Plaintiff repeatedly confirms that she was "aware of the existence of the supplemental documentation" on June 29, 2023 by way of an email from Defendant's counsel that stated Defendant would provide the documents "within one to two weeks."  (Mot. 4-5; McBride Decl. ¶ 4.)  Based on this newly proffered detail, Plaintiff knew Defendant was planning to produce supplemental documents prior to the untimely production on July 28, 2023 and even before the non-expert discovery deadline on June 30, 2023. While Plaintiff maintains she could not have moved for the two depositions with the Court because she did not know the *substance* of the fourth supplemental production until July 28, 2023, Plaintiff repeatedly acknowledges she knew of the *existence* of the fourth supplemental production as early as June 29, 2023. (Mot. 2, 6.)  Therefore, the Court finds the parties knew Defendant planned to produce documents after the non-expert discovery deadline and failed to diligently request a timely modification of the scheduling order.

As Plaintiff argued in her September 18, 2023 motion and again in her instant motion, the Court is aware Plaintiff did not know the nature or content of Defendant's fourth supplemental production until after the non-expert discovery deadline expired.  However, Plaintiff again fails to explain why she failed to seek leave of Court—either to file a motion to modify the scheduling order or otherwise notify the Court that Defendant intended to produce untimely discovery—until the September 18, 2023 stipulation and unilateral motion to reopen discovery.  Accordingly, upon reconsideration, the Court does not find the newly proffered details support Plaintiff's request to reopen non-expert discovery.

Plaintiff also proffers "new facts" regarding the substance of the fourth supplemental production that she argues were not previously provided in the initial stipulation and unilateral

1  request. Plaintiff argues that Defendant has continually asserted throughout the litigation that its
2  only duty is to ensure Plaintiff's identity theft application is complete and to then send it to the
3  U.S. Department of Education for substantive analysis. (Id.) Plaintiff avers Defendant's
4  untimely fourth supplemental production contradicts Defendant's position because Ms. Zavala, an
5  employee of the U.S. Department of Education, was included in emails "relating to [Defendant's]
6  duties as a loan servicer commenting upon Defendant's duties in investigation." (Id.) Plaintiff
7  argues she is prejudiced by the late production because the relationship between the U.S.
8  Department of Education and Defendant is information that was sought by Plaintiff to understand
9  the dynamic of account disputes and credit report investigations. (Id. at 5-6.) Plaintiff argues that
10 she should get the opportunity to depose Ms. Zavala to explore what was meant by the
11 purportedly contradictory language contained within in the fourth supplemental production. (Id.)

12    The Court finds Plaintiff's proffered details do not support her motion to reopen non-
13 expert discovery. First, while certainly more detailed in the instant motion, the proffered facts
14 were known and considered by this Court in its September 20, 2023 order. Specifically, Plaintiff
15 proffered in her initial unilateral request that the "highly relevant" fourth supplemental production
16 contained communications between the U.S. Department of Education and Defendant regarding
17 policies and procedures for credit reporting. (ECF No. 86 at 3.) Plaintiff identified Nina Zavala
18 and specifically argued Ms. Zavala's deposition is necessary to ascertain the U.S. Department of
19 Education's position on the requirements for Defendant's credit reporting, which Plaintiff
20 asserted is important because Defendant's position throughout the entirety of the current litigation
21 is that it relies on the U.S. Department of Education for investigation into credit reporting
22 disputes. (Id.) The Court thus finds Plaintiff merely presents a recapitulation of the same facts
23 and argument previously considered by this Court. See Westlands Water Dist., 134 F. Supp. 2d at
24 1131.

25    Plaintiff further argues that despite purportedly contradictory information contained
26 within the fourth supplemental production, the unnamed Rule 30(b)(6) witness maintained in his
27 or her deposition on September 18, 2023 that Defendant only has a limited duty before it sends
28 identity theft applications to the U.S. Department of Education for substantive review. (Id. at 6.)

Plaintiff thus contends that the fact that Defendant is "maintaining its [] position regarding investigation requirements" is new information. (Id.) Because the information was provided in the deposition on September 18, 2023, Plaintiff argues it could not have been presented in the September 18, 2023 stipulation and unilateral request. (Id.) However, in line with Defendant's argument, the fact that Defendant's litigation position did not change after the supplemental production, and instead remains the same as it has been throughout the litigation, does not qualify as "new" information sufficient to support Plaintiff's motion for reconsideration to reopen non-expert discovery.

The Court turns to its September 20, 2023 order. Specifically, Plaintiff's counsel asserts "the Court issued its order denying the additional witness depositions" and argues that "not allowing further testimony and consideration of the late production of Defendant would be severely prejudicial to Plaintiff…" (McBride Decl. ¶ 13; Reply 3.) However, the Court's order only denied the parties' stipulation and Plaintiff's unilateral request to reopen non-expert discovery three months after the expiration of the non-expert discovery deadline. (See ECF No. 87.) The Court's order did not prohibit consideration of Defendant's untimely supplemental productions, nor did the Court prohibit additional witness depositions. The parties may agree to conduct non-expert discovery after the June 30, 2023 deadline.[4] The Court will not prohibit the parties from doing so. However, the Court will also not sanction the parties' failure to diligently adhere to the scheduling order by way of a post hoc request for modification, akin to that requested by the parties on September 18, 2023.[5] Absent a demonstration of good cause, the Court must enforce the schedules that are first proposed by the parties in their joint scheduling order (ECF No. 61 at 5); then agreed to by the parties at the scheduling conference (ECF No. 62);

---

[4] In fact, the parties have already agreed to conduct discovery after the June 30, 2023 deadline. For example, the parties implicitly agreed to produce the fourth supplemental production within one to two weeks *after* the non-expert discovery deadline. Additionally, contrary to Plaintiff's counsel's assertion that the Court "den[ied] the additional witness depositions," the parties successfully deposed Defendant's Rule 30(b)(6) witness on September 18, 2023—the same day they filed the stipulated and unilateral motion to reopen non-expert discovery.

[5] "In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005) (superseded on other grounds by statute).

and then established by the Court in the scheduling order (ECF No. 63 at 2).  Accordingly, upon reconsideration, Plaintiff's motion to reopen discovery is denied.

Relatedly, Plaintiff requests that this Court also "amend its prior order" as follows: (1) allow the Fourth Supplemental Production to be a part of the case record; (2) allow the Fifth Supplemental Production to be a part of the case record; (3) allow the testimony of Defendant's additional Rule 30(b)(6) witness deposition taken on September 18, 2023 to be a part of the case record; and (4) allow Plaintiff to take the deposition of Nina Zavala.  (Reply 3.)  As previously discussed, the Court's order denying the reopening of non-expert discovery does not prohibit the supplemental productions and the deposition of Defendant's unnamed 30(b)(6) witness from being "a part of the case record."  Further, as discussed, the Court has not prohibited the parties from agreeing to take Ms. Zavala's deposition after June 30, 2023; rather, the Court denies Plaintiff's unsupported request that the Court reopen non-expert discovery and order that Plaintiff be "allow[ed]" to depose Ms. Zavala.[6]  Further, Plaintiff proffers Defendant produced a fifth supplemental production of documents on October 19, 2023, which is a month *after* the Court's September 20, 2023 order.  Plaintiff only proffers that the fifth supplemental production contains "additional documents… relating to the policies and procedures of Defendant, including internal communications regarding these procedures."  (Reply 2.)  Plaintiff argues it is "new information being presented to the Court" and she should be allowed to ask Ms. Zavala about the documents.  (Reply 2-3.)  While Defendant's untimely production is a new fact, Plaintiff provides no information that Ms. Zavala is connected to the documents or how the fifth supplemental production is otherwise relevant to the Court's September 20, 2023 denial to reopen non-expert discovery to either depose Defendant's Rule 30(b)(6) witness or Ms. Zavala.  The Court therefore denies Plaintiff's request to amend its order.

///

///

---

[6] Notably, given Defendant's opposition to Plaintiff's instant motion, Plaintiff's request for the Court's authorization to depose Ms. Zavala appears to have morphed into a silhouette of a procedurally improper and untimely motion to compel.  As the Court expressly "cautioned" in its December 16, 2022 scheduling order and reiterated in its September 20, 2023 order, any motion to compel or other non-expert discovery motion made to the Court after June 30, 2023 "may result in denial of the motion as untimely."  (See ECF 68 at 3 (citing ECF No. 63 at 3).)

# V.

# CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Upon reconsideration (ECF No. 86), Plaintiff's motion to reopen non-expert discovery to depose Nina Zavala is DENIED;

2. Plaintiff's additional requests that the Court order Defendant's fourth and fifth supplemental productions and the September 18, 2023 testimony of Defendant's Fed. R. Civ. P. 30(b)(6) witness be a part of the case record are DENIED; and

3. All remaining deadlines set forth in the scheduling order, as modified, shall remain unaltered.

IT IS SO ORDERED.

Dated:   **November 7, 2023**

UNITED STATES MAGISTRATE JUDGE